UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CLARENCE DELANEY, JR.,

          Plaintiff,
                      9:13-CV-0648
v.                       (DNH/TWD)

DR. ZAKI, DR. S. RAMINENI,
M. CZERWINSKI, BRANDON J. SMITH,
DR. CARL KOENIGSMANN,

          Defendants.
_____

APPEARANCES:              OF COUNSEL:

CLARENCE DELANEY, JR., 12-A-4898
Plaintiff pro se
Fishkill Correctional Facility
P.O. Box 1245
Beacon, NY 12508

HON. ERIC T. SCHNEIDERMAN        RACHEL M. KISH, ESQ.
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, NY 12224

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## REPORT-RECOMMENDATION

  This pro se prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable David N. Hurd, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Plaintiff Clarence Delaney, Jr., alleges that Defendants were deliberately indifferent to his serious medical needs when he was incarcerated at Mid-State Correctional Facility. (Dkt. No. 11.) Currently pending

is Defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 27.) For the reasons that follow, I recommend that the Court grant Defendants' motion with leave to amend.

## I. BACKGROUND

The following facts are derived from the face of the operative complaint and are accepted as true for the purposes of deciding the pending motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff alleges that before January 2, 2013, he was being prescribed Neurotin and Ultram for chronic pain to his right arm and elbow. (Dkt. No. 11 ¶ 8.) On January 2, 2013, Plaintiff was placed in the Special Housing Unit ("SHU") at Mid-State Correctional Facility after being issued a misbehavior report charging him with possessing unauthorized medication in his cell. (Dkt. No. 11 ¶¶ 6, 9, 31.) When Plaintiff went to the prison medical clinic on January 2, 2013, he did not receive his noon medication dosages. *Id*. ¶ 9. Plaintiff's medications had been "discontinued without fair notice by defendant Dr. Zaki who the plaintiff had never met or had a medical appointment with prior to or after being prescribed medications for pain management." *Id*. One of the nurses informed Plaintiff that Defendant Zaki was an on-call doctor who worked at Marcy Correctional Facility, a mile away. *Id*. ¶ 11.

On January 16, 2013, Plaintiff saw Defendant Doctor Ramineni, who had treated Plaintiff before he was sent to the SHU, but was not the doctor who prescribed Plaintiff's pain medication. (Dkt. No. 11 ¶ 14.) Defendant Ramineni "spoke to the plaintiff from behind the cell door while plaintiff expressed how much he was suffering without his pain medication." *Id*. ¶ 15. Defendant Ramineni asked Plaintiff to put his right arm through the hole in the middle of the

cell door, examined Plaintiff's arm "for a quick second," stated "I can't do anything for your pain," and walked away from the cell. *Id*. ¶ 16.

Plaintiff saw Defendant Ramineni again on February 6, 2013. (Dkt. No. 11 ¶ 20.) Defendant Ramineni again remained behind the cell door, stated that he could not do anything for Plaintiff's pain, and left without prescribing any medication. *Id*. This visit lasted no more than three minutes. *Id*.

Plaintiff wrote two letters to Defendant Nurse Administrator Czerwinski complaining about the lack of pain medication. (Dkt. No. 11 ¶¶ 22-23.) Defendant Czerwinski did not respond to either letter. *Id*. ¶ 23. Plaintiff alleges that Defendant Czerwinski "justified defendants' actions by stating the plaintiff was hoarding and selling his medications which were untrue and without facts." *Id*. ¶ 48. Plaintiff further alleges that Defendant Czerwinski "was grossly negligent because she did not adequately supervise the subordinates who violated plaintiff's rights . . . . As Nurse Administrator to all medical personnel[] at Mid-State Correctional Facility, she failed to intervene when plaintiff wrote his letters of complaint directly to her." *Id*. ¶ 50.

Plaintiff alleges that Defendant Czerwinski "allowed unsigned anony[]mous letters from an inmate to be perman[ent]ly place[d] in plaintiff's medical file." (Dkt. No. 11 ¶ 49.) Plaintiff alleges that these letters "made an untrue statement" about Plaintiff. *Id*. ¶ 33.

Plaintiff wrote several letters to Defendant Smith, the Superintendent of Midstate Correctional Facility, complaining about the lack of pain medication. (Dkt. No. 11 ¶ 24.) Plaintiff received "a lukewarm response." *Id*.

On or about February 27, 2013, Defendant Ramineni saw Plaintiff in an examining room.

3

(Dkt. No. 11 ¶ 26.) After that visit, Plaintiff received a prescription for Ibuprofen. *Id*. ¶ 28.[1]

Plaintiff alleges that Defendant Carl Koenigsmann failed to respond to a grievance that Plaintiff appealed to the Central Office Review Committee regarding his medical care. (Dkt. No. 11 ¶¶ 62-66.)

Plaintiff filed this action on June 6, 2013. (Dkt. No. 1.) The operative complaint is Plaintiff's amended complaint. (Dkt. No. 11.) Defendants now move to dismiss the amended complaint. (Dkt. No. 27.) Plaintiff has opposed the motion. (Dkt. No. 31.)

## II. LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

A defendant may move to dismiss a complaint on the ground that the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the

---

[1] Although the complaint alleges only three visits by Defendant Ramineni, Plaintiff argues in his opposition to the motion to dismiss that he saw Defendant Ramineni on four occasions. (Dkt. No. 31 at 9.) The distinction between three or four visits does not alter this Report-Recommendation.

pleader is entitled to relief." *Id.* at 679 (internal citation and punctuation omitted).

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

III.  **ANALYSIS**

Defendants argue that the complaint should be dismissed because it fails to allege facts plausibly suggesting that (A) Defendants Zaki or Ramineni were deliberately indifferent to Plaintiff's serious medical needs; (B) Plaintiff's due process rights were violated; and (C) Defendants Czerwinski, Smith, and Koenigsmann were personally involved in the alleged constitutional violations. (Dkt. No. 27-1.) Defendants further argue that they are entitled to qualified immunity and cannot be sued in their official capacities. *Id*. at 13-15.[2] I will address only the first three arguments, as they are dispositive.

A.  **Eighth Amendment Claims**

Defendants argue that the operative complaint fails to state an Eighth Amendment claim for medical deliberate indifference. (Dkt. No. 27-1 at 4-12.) Defendants are correct.

---

[2] References to page numbers in citations to Defendants' memorandum of law refer to the page numbers in the original document rather than to the page numbers assigned by the Court's electronic filing system.

5

The Eighth Amendment to the United States Constitution prohibits "cruel and unusual" punishments. U.S. Const. amend. VIII. The word "punishment" refers not only to deprivations imposed as a sanction for criminal wrongdoing, but also to deprivations suffered during imprisonment. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). Punishment is cruel and unusual if it involves the unnecessary and wanton infliction of pain or if it is incompatible with "'the evolving standards of decency that mark the progress of a maturing society.'" *Id*. at 102 (quoting *Trop v. Dulles*, 356 U.S. 86, 101 (1958)). Thus, the Eighth Amendment imposes on jail officials the duty to "provide humane conditions of confinement" for prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In fulfilling this duty, prison officials must ensure, among other things, that inmates receive adequate medical care. *Id*. (citing *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

There are two elements to a prisoner's claim that prison officials violated his or her Eighth Amendment right to receive medical care: "the plaintiff must show that she or he had a serious medical condition and that it was met with deliberate indifference." *Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009) (citation and punctuation omitted). "The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberate indifference' element ensures that the defendant prison official acted with a sufficiently culpable state of mind." *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003) (citation omitted).

Defendants concede, for purposes of the pending motion only, that Plaintiff has pleaded facts plausibly suggesting that he suffered from a serious medical condition. (Dkt. No. 27-1 at 6.) The issue, then, is whether the operative complaint pleads facts plausibly suggesting that Defendants acted with deliberate indifference. I will address the claims against Defendants Zaki

6

and Ramineni separately.

1. <u>Defendant Zaki</u>

Plaintiff alleges that Defendant Zaki discontinued Plaintiff's pain medication on January 2, 2013. (Dkt. No. 11 ¶ 9.) Plaintiff alleges that he has never met Defendant Zaki. *Id*. ¶ 10. The operative complaint does not include any allegations about Defendant Zaki's knowledge of Plaintiff's medical condition or his motivation for discontinuing Plaintiff's medications. Defendants move to dismiss the Eighth Amendment claim against Defendant Zaki, arguing that Plaintiff has failed to allege facts plausibly suggesting that Defendant Zaki was deliberately indifferent to Plaintiff's serious medical needs. (Dkt. No. 27-1 at 6-7.) Defendants are correct.

Medical mistreatment rises to the level of deliberate indifference only when it "involves culpable recklessness, i.e., an act or a failure to act . . . that evinces 'a conscious disregard of a substantial risk of serious harm.'" *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). Thus, to establish deliberate indifference, an inmate must prove that (1) a prison medical care provider was aware of facts from which the inference could be drawn that the inmate had a serious medical need; and (2) the medical care provider actually drew that inference. *Farmer*, 511 U.S. at 837; *Chance*, 143 F.3d at 702. The inmate then must establish that the provider consciously and intentionally disregarded or ignored that serious medical need. *Farmer*, 511 U.S. at 835.

Here, the operative complaint does not include any facts about Defendant Zaki's knowledge of Plaintiff's serious medical need. Morever, Plaintiff has not pleaded any facts plausibly suggesting that Defendant Zaki consciously or intentionally disregarded or ignored that serious medical need. Although the operative complaint alleges that "Dr. Zaki exercised

7

deliberate indifference to plaintiff's health" and that he "knew of and disregarded an excessive risk to plaintiff's health," those recitals of legal conclusions are insufficient to plausibly suggest the subjective prong of Plaintiff's Eighth Amendment claim. (Dkt. No. 11 ¶¶ 37, 39.) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Therefore, I recommend that the Court grant Defendants' motion to dismiss the Eighth Amendment claim against Defendant Zaki.

Where a pro se complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted). However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Id*. Here, better pleading might cure the defect with Plaintiff's Eighth Amendment claim against Defendant Zaki. Therefore, I recommend that the Court grant Plaintiff leave to amend.

    2.    <u>Defendant Ramineni</u>

The operative complaint alleges that Defendant Ramineni briefly examined Plaintiff on three occasions, refused to prescribe pain medication for Plaintiff, and ultimately provided Ibuprofen rather than the stronger pain medication that Plaintiff had received before January 2, 2013. (Dkt. No. 11 ¶¶ 14-17, 20, 26, 28-30.) Defendants move to dismiss Plaintiff's Eighth Amendment claim against Defendant Ramineni, arguing that the operative complaint fails to allege facts plausibly suggesting that Defendant Ramineni acted with deliberate indifference.

8

(Dkt. No. 27-1 at 7-8.)  Defendants are correct.

The fact that Plaintiff believed that Ibuprofen was "the wrong kind of medication for [his] medical condition" (Dkt. No. 11 ¶ 29) does not plausibly suggest that Defendant Ramineni was deliberately indifferent to Plaintiff's serious medical need.  "Inmates do not have a right to choose a specific type of treatment."  *Veloz v. New York*, 339 F. Supp. 2d 505, 525 (S.D.N.Y. 2004).  More specifically, "[d]ifferences in opinions between a doctor and an inmate patient as to the appropriate pain medication clearly do not support a claim that the doctor was deliberately indifferent to the inmate's serious medical needs."  *Wright v. Genovese*, 694 F. Supp. 2d 137, 160 (N.D.N.Y. 2010) (punctuation omitted).  Plaintiff asserts in his opposition to the motion to dismiss that "[t]his matter does not amount to a difference of opinion between a patient and his doctor . . . , but this is clearly deliberate indifference."  (Dkt. No. 31 at 6.)  However, no facts in the operative complaint support that legal conclusion.  Thus, Plaintiff's preference for stronger pain medications than Ibuprofen does not establish that Defendant Ramineni was deliberately indifferent to his serious medical need.

Plaintiff's allegations that Defendant Ramineni refused to examine him on one occasion and examined him only briefly on another occasion do not plausibly suggest deliberate indifference because they suggest, at the very most, medical negligence.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim . . . under the Eighth Amendment."  *Estelle*, 429 U.S. at 106.  Stated another way, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner."  *Id.*; *see also Smith*, 316 F.3d at 184 ("Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in

prison medical care will rise to the level of a constitutional violation."). Therefore, I recommend that the Court dismiss the Eighth Amendment claims against Defendant Ramineni. Because these claims could possibly be cured through better pleading, I recommend that the Court grant Plaintiff leave to amend.

B.     **Due Process Claims**

Plaintiff claims that his procedural due process rights were violated in a number of ways. He alleges that Defendant Czerwinski violated his procedural due process rights by failing to respond to his letter of complaint. (Dkt. No. 11 ¶ 54.) Plaintiff claims that Defendant Smith violated his procedural due process rights by failing to intervene when Plaintiff "requested that his complaint regarding his medical issues be treated as an emergency." *Id*. ¶ 55. Plaintiff claims that Defendant Zaki violated his procedural due process rights by discontinuing his medication without notice. *Id*. ¶ 52. Plaintiff alleges that Defendant Ramineni violated his procedural due process rights by "not prescribing any pain medications to plaintiff though he knew that plaintiff has/had a serious medical problem." *Id*. ¶ 53.

Defendants move to dismiss Plaintiff's procedural due process claims, arguing that Plaintiff has not alleged facts plausibly suggesting that he was deprived of any constitutionally protected interest. (Dkt. No. 27-1 at 12-13.) Defendants are correct.

In order to state a claim for violation of his procedural due process rights, a plaintiff must allege facts plausibly suggesting that he was deprived of a cognizable liberty or property interest without due process of law. *McKithen v. Brown*, 626 F.3d 143, 151 (2d Cir. 2010). Plaintiff has not done so.

Regarding Plaintiff's due process claims against Defendants Czerwinski and Smith,

prisoners do not have a due process right to a thorough investigation of grievances. *Torres v. Mazzuca*, 246 F. Supp. 2d 334, 341-42 (S.D.N.Y. 2003).

> The First Amendment protects a prisoner's right to meaningful access to the courts and to petition the government for the redress of grievances. *See Bill Johnson's Rest., Inc. v. NLRB*, 461 U.S. 731, 741, 103 S.Ct. 2161, 76 L. Ed.2d 277 (1983). However, inmate grievance programs created by state law are not required by the Constitution and consequently allegations that prison officials violated those procedures does not give rise to a cognizable § 1983 claim. *Cancel v. Goord*, No. 00 Civ.2042, 2001 WL 303713, *3 (S.D.N.Y. Mar. 29, 2001). If prison officials ignore a grievance that raises constitutional claims, an inmate can directly petition the government for redress of that claim. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). "Therefore, the refusal to process an inmate's grievance or failure to see to it that grievances are properly processed does not create a claim under § 1983." *Cancel*, 2001 WL 303713, at *3; *see also Torres v. Mazzuca*, 246 F. Supp. 2d 334, 342 (S.D.N.Y. 2003); *Mahotep v. DeLuca*, 3 F. Supp. 2d 385, 390 (W.D.N.Y. 1998).

*Shell v. Brzezniak,* 365 F. Supp. 2d 362, 369-370 (W.D.N.Y. 2005). Thus, Plaintiff's allegations that Defendants Czerwinski and Smith failed to respond or responded inadequately to his letters and grievances fails to state a due process claim. Therefore, I recommend that the Court dismiss these claims. Because better pleading could possible cure the defects with these claims, I recommend that the Court dismiss the claims with leave to amend.

Regarding Defendants Zaki and Ramineni, "[t]he simple lack of due care does not make out a violation of either the substantive or procedural aspects of the Due Process Clause." *Pabon v. Wright*, 459 F.3d 241, 250 (2d Cir. 2006). As discussed above, Plaintiff's medical claims against Defendants Zaki and Ramineni, as currently pleaded, rise, at most, to the level of medical negligence. Therefore, I recommend that the Court dismiss these claims with leave to amend.

### C. Personal Involvement

Defendants argue that the claims against Defendants Czerwinski, Smith, and Koenigsmann must be dismissed because the operative complaint fails to allege facts plausibly suggesting their personal involvement in the alleged constitutional violations. (Dkt. No. 27-1 at 8-12.)

Under Second Circuit precedent, "'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). In order to prevail on a § 1983 cause of action against an individual, a plaintiff must show some "tangible connection" between the unlawful conduct and the defendant. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). If the defendant is a supervisory official, a mere linkage to the unlawful conduct through the prison chain of command (i.e., under the doctrine of respondeat superior) is insufficient to show his or her personal involvement in that unlawful conduct. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (per curiam); *Wright*, 21 F.3d at 501; *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985) (per curiam). In other words, supervisory officials may not be held liable merely because they held positions of authority. *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996) (citations omitted). Rather, supervisory personnel may be considered personally involved if they: (1) directly participated in the violation; (2) failed to remedy that violation after learning of it through a report or appeal; (3) created, or allowed to continue, a policy or custom under which the violation occurred; (4) had been grossly negligent in managing subordinates who caused the violation; or (5) exhibited deliberate indifference to the rights of inmates by failing to act on

information indicating that the violation was occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citations omitted).[3]

This standard, under which supervisors may in some circumstances be found liable for underlying unlawful conduct, presupposes a finding of underlying unlawful conduct. A complaint that fails to state a claim for underlying unlawful conduct also fails to state a claim against any supervisory officials named as defendants. *See, e.g., Alston v. Bendheim*, 672 F. Supp. 2d 378, 388-89 (S.D.N.Y. 2009) ("A necessary factor . . . of . . . supervisory liability is that a constitutional violation have occurred.").

Here, as discussed above, the complaint does not plead facts plausibly suggesting any underlying unlawful conduct. Therefore, I recommend that the Court dismiss the claims against Defendants Czerwinski, Smith, and Koenigsmann with leave to amend.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion to dismiss for failure to state a claim (Dkt. No. 27) be **GRANTED** with leave to amend within thirty days of any Order adopting this Report-Recommendation.

---

[3] In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court ruled that where the underlying constitutional claim is a claim of intentional discrimination, a supervisory official's liability must be judged by the official's purpose rather than the official's knowledge of subordinates' actions or policies. The Second Circuit has not yet issued a decision discussing *Iqbal*'s effect on the *Colon* categories. Several district courts in the Second Circuit have determined that *Iqbal* nullified some of the *Colon* categories. *See Sash v. United States*, 674 F. Supp. 2d 531, 543-44 (S.D.N.Y. 2009) (collecting cases). The Second Circuit itself has noted that "*Iqbal* has . . . engendered conflict within our Circuit about the continuing vitality of the supervisory liability test set forth in *Colon*." *Reynolds v. Barrett*, 685 F.3d 193, 205 n.14 (2d Cir. 2012). The Second Circuit declined to address the issue in *Reynolds*, however, and has not addressed it since that time. I will assume for the purposes of this motion that *Colon* remains good law.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: September 2, 2014
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge